**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TORO-AIRE, INC., a California corporation, | No. 10-56880 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-05784-SVW-JTL |
| v. | |
| FEDERAL INSURANCE COMPANY, an Indiana corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted May 7, 2012
Pasadena, California

Before: PREGERSON, GRABER, and BERZON, Circuit Judges.

Plaintiff Toro-Aire, Inc., appeals from the district court's grant of summary

judgment to Defendant Federal Insurance Company in this diversity action arising

under California law. Reviewing de novo, Lovell v. Chandler, 303 F.3d 1039,

1052 (9th Cir. 2002), we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  The district court correctly granted summary judgment to Defendant on the contract claim.  After the district court's evidentiary rulings, which Plaintiff does not challenge on appeal, no evidence supported Plaintiff's assertion that the hospital suffered a loss of use or that the defective coils caused water damage.

Evidence supported Plaintiff's assertion that the defective coils caused repairs to other property, such as drywall.  But, under California law, Plaintiff's commercial general liability insurance policy does not cover the costs of repairs in situations such as this one.  See, e.g., N.H. Ins. Co. v. Vieira, 930 F.2d 696, 701 (9th Cir. 1991) (applying California law).  Plaintiff relies on cases that interpret insurance policies with different text, see, e.g., St. Paul Fire & Marine Ins. Co. v. Sears, Roebuck & Co., 603 F.2d 780 (9th Cir. 1979), and on cases involving hazardous materials not at issue here, see, e.g., Armstrong World Ind., Inc. v. Aetna Cas. & Sur. Co., 52 Cal. Rptr. 2d 690 (Ct. App. 1996) (asbestos insulation).

2.  The district court correctly granted summary judgment to Defendant on the claim of breach of the covenant of good faith and fair dealing.  The parties, and we, agree that no such claim lies in the absence of a viable breach of contract claim.

**AFFIRMED.**